Gurung v. Barr

BIA
Christensen, IJ
A202 081 117

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand nineteen.

PRESENT:
    GUIDO CALABRESI,
    PETER W. HALL,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

SURAJ GURUNG,
        *Petitioner,*

    v.                                              18-519
                                                    NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Gary J. Yerman, New York, NY.

FOR RESPONDENT:         Joseph H. Hunt, Assistant
                        Attorney General; Keith I.
                        McManus, Assistant Director; Juria
                        L. Jones, Trial Attorney, Office
                        of Immigration Litigation, United
                        States Department of Justice,
                        Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Suraj Gurung, a native and citizen of Nepal, seeks review of a January 31, 2018, decision of the BIA affirming a June 8, 2017, decision of an Immigration Judge ("IJ") denying Gurung's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Suraj Gurung,* No. A 202 081 117 (B.I.A. Jan. 31, 2018), *aff'g* No. A 202 081 117 (Immig. Ct. N.Y. City June 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

The agency did not err in concluding that Gurung failed to satisfy his burden of proof for asylum, withholding of

2

removal, and CAT relief based on his claim that Maoists attacked him in 2003 and 2013 on account of his family's refusal to support the Maoists and his membership in the Nepali Congress Party. To establish eligibility for asylum, Gurung was required to show that he suffered past persecution, or that he has a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i).

Past Persecution

"[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005)). A valid claim of past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and brackets omitted). "'[T]he difference

3

between harassment and persecution is necessarily one of degree,' . . . the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341). In evaluating a past persecution claim, the agency must consider the harm suffered in the aggregate. *Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir. 2005).

In determining whether Gurung established past persecution, the IJ appropriately considered Gurung's young age at the time of the first incident in 2003 (when Maoists hit him with a bamboo stick) and further considered that incident cumulatively with the second incident 10 years later when Maoists "lightly hit" him before he escaped. *See Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006) ("[A]ge can be a critical factor in the adjudication of asylum claims and may bear heavily on the question of whether an applicant was persecuted . . . ."); *see also Poradisova*, 420 F.3d at 79–80. Because Gurung was not harmed in either incident and he was not mistreated during the 10 years in between, the IJ did not err in concluding that these attacks did not rise

4

to the level of persecution. *See Mei Fun Wong*, 633 F.3d at 72; *cf. Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in the agency's determination that a noncitizen failed to establish past persecution when "*prior to his arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect*").

Well-Founded Fear of Persecution

When a petitioner establishes past persecution, there is a presumption of a well-founded fear of future persecution on the basis of the petitioner's original claim. 8 C.F.R. § 1208.13(b)(1). The agency reasonably found that even assuming Gurung suffered past persecution, the presumption of a well-founded fear of future persecution was rebutted.

The Government can rebut the presumption of a well-founded fear of persecution if it shows, by a "preponderance of the evidence," that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution . . . ." 8 C.F.R. § 1208.13(b)(1)(i)(A), (ii); *see also Lecaj*, 616 F.3d at 115.

5

The agency may consider the most recent State Department reports but also must consider any contrary evidence and the applicant's "particular circumstances." *See Lecaj*, 616 F.3d at 115-16.

The IJ considered the State Department's Human Rights Reports on Nepal as well as Gurung's evidence and reasonably found as follows. The 10-year armed conflict between the Maoist insurgency and the government of Nepal ended in 2006 when Maoists signed a peace accord and joined the government. A breakaway Maoist faction committed some acts of political violence and intimidation during the 2013 elections. By 2015, the Maoist Party was no longer committing organized human rights abuses or extortion, although a "very small" Maoist faction extorted wealthy individuals but did not specifically target members of the Congress Party. In 2017, the Congress Party won the national election, which had 71 percent voter participation and only a few incidents of violence in a few districts.

A comparison of the State Department's Human Rights Reports for 2013, which was the last year Gurung had contact with Maoists, and 2016 shows the extent to which conditions

6

improved. The 2013 report states that Maoists committed acts of violence and extortion throughout the year, although the number of such incidents had markedly decreased from previous years. By comparison, the 2016 report does not report that Maoists committed any such acts during the year. The country conditions evidence thus supports the agency's finding that there has been a fundamental change in circumstances since the Maoists assaulted Gurung in 2003 and 2013. *See Lecaj*, 616 F.3d at 115–16.

Further, the agency properly considered the change in circumstances in Nepal in the context of Gurung's particular circumstances. *See id.* at 116. In support of his claim of a well-founded fear of future persecution, Gurung submitted two threatening letters that Maoists had sent to his family's home in 2014. His only other assertion that Maoists made any further contact with his family was, according to his mother, during a recent local election when they looked for him. Gurung admitted that the Congress Party candidate for whom he had campaigned in 2003 had not had problems with Maoists nor had his mother, who is a party member (although she does not campaign).

7

The agency reasonably took note that Gurung did not provide a date for the Maoists' latest attempt to locate him and that his mother did not mention this visit in her 2016 letter or submit another letter detailing this visit. The 2014 letters and Gurung's testimony about the alleged interaction between his mother and Maoists, without any details or corroboration, did not compel the conclusion that Gurung has a well-founded fear of persecution. This is especially so given the steady decline in politically-motivated violence by Maoists to the point that there were no reports of such acts in 2016, the large voter turnout and success of Gurung's political party in the 2017 elections, and the lack of harm in Nepal to the local party candidate and Gurung's mother. *See Lecaj*, 616 F.3d at 116–19; *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (applicant's claimed fear of future persecution is weakened when similarly situated family members continue to live unharmed in petitioner's native country).

Accordingly, the agency did not err in concluding that circumstances in Nepal had fundamentally changed such that Gurung does not have a well-founded fear of political

8

persecution.  *See* 8 C.F.R. § 1208.13(b)(1)(i)(A), (ii); *see also Lecaj*, 616 F.3d at 116–19.  Because Gurung does not have a well-founded fear of persecution, the agency did not err in denying asylum, withholding of removal, and CAT relief given that all three claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9